IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAY WILLIAMS, | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv353 |
| UNKNOWN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jay Williams, a prisoner currently confined in the Henderson County Jail in Athens, Texas, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. Williams did not pay the filing fee or submit an application to proceed *in forma pauperis*, The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Complaint**

In his complaint, dated July 14, 2023,[1] Williams states, that by the authority granted by the U.S. Constitution to him, he indicted various county, state, and federal officials and employees for various federal, state, and county criminal offenses. Based on the indictments, Williams wants the Court to issue arrest warrants for all those he allegedly indicted and have them jailed. Williams

---

[1] Plaintiff has been given the benefit of the prison mailbox rule as to the filing of his original complaint. His original complaint is docketed as of July 20, 2023. (Dkt. #1). He dated the complaint as June 23, 2023; however, the envelope is post-marked as of July 14, 2023. In *Houston v. Lack,* 487 U.S. 266 (1988), the Supreme Court established the prison "mailbox rule" and held that a *pro se* prisoner's complaint is deemed to be filed on the date that the prisoner submits the pleading to prison authorities to be mailed. *Id.* at 276; *see also Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir. 1998) (per curiam) (holding that a *pro se* prisoner's § 1983 complaint is filed as soon as the pleadings have been deposited into the prison mail system). As the envelope is post-marked July 14, 2023, the Court construes that Williams delivered his mail to the prison officials on July 14, 2023.

does not provide any dates or specific facts that any named individual committed any specific criminal offense or that Williams was the victim of any crime mentioned in the complaint.

Williams does not allege that any named individual violated his civil rights under the Constitution or other statutory authority. He seeks only the arrest of the individuals named.

**II. Discussion**

Williams is no stranger to the federal courts in the Eastern District of Texas. Court records show that Williams has filed at least three previous lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief can be granted—prior to filing this lawsuit. *See Williams v. Botie Hillhouse,* Civil Action No. 6:23-cv-212 (E. D. Tex. June 30, 2023) (unpublished) (dismissing complaint as frivolous); *Williams v. Nancy Perryman*, Civil Action No. 6:23-cv-214 (E.D. Tex. June 30, 2023) (unpublished) (dismissing complaint as frivolous); *Williams v. Botie Hillhouse*, Civil Action No. 6:23-cv-215 (E.D. Tex. June 28, 2023) (dismissing complaint as frivolous); *Williams v. Botie Hillhouse*, Civil Action No. 6:23-cv-216 (E.D. Tex. June 28, 2023) (unpublished) (dismissing complaint as frivolous); *Williams v. Botie Hillhouse*, Civil Action No. 6:23-cv-230 (E.D. Tex. June 28, 2023) (dismissing complaint as frivolous); and *Williams v. Clint Davis*, Civil Action No. 6:23-cv-236 (E.D. Tex. June 28, 2023) (dismissing complaint as frivolous).

Title 28 U.S.C. § 1915(g), added by Act of Congress on April 26, 1996, as part of the Prison Litigation Reform Act, provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

As set forth above, Williams has accumulated three strikes prior to filing this July 14, 2023 lawsuit and, thus, falls under the Act. Consequently, he cannot proceed under the *in forma pauperis* statute unless he shows that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Williams does not assert that the imminent-danger exception applies to his claims. (*see* Dkt. #1).

The Fifth Circuit holds that a plaintiff must show "imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Banos*, 144 F.3d at 884; accord *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998). The threat of harm must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citations omitted). Conclusory allegations are insufficient to carry that burden. *Smith v. Blount*, 258 F. App'x 630, 630 (5th Cir. 2007) (unpublished). Established Fifth Circuit precedent requires that civil rights claimants must state specific facts, not conclusory allegations. *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986); *see also Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

Moreover, allegations of past harm do not suffice. Instead, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed—and the exception refers to "a genuine emergency" in which "time is pressing." *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis*….").

3

Here, Williams fails to show that he was in imminent danger of serious physical injury at the time he filed this lawsuit on July 14, 2023. He has not shown that he faces an **imminent** threat of serious physical injury for which time is pressing. Because Williams has accumulated at least three-strikes prior to the filing of this lawsuit and has not demonstrated that he faces an imminent threat of serious physical injury, this lawsuit should be dismissed pursuant to 28 U.S.C. § 1915(g). Williams, however, should be allowed a reasonable period of time in which to pay the full filing fee and proceed with his lawsuit should he chose to do so. Williams should note, though, that the payment of the filing fee will not affect an analysis for frivolousness under 28 U.S.C. § 1915A.

## RECOMMENDATION

Accordingly, because Williams already has three strikes for the purposes of section 1915(g), it is recommended that his lawsuit be dismissed, with prejudice, for purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). It is also recommended that if Williams pays the full filing fee of $402.00 within fifteen (15) days of the date of the order of dismissal, the lawsuit will proceed as though the full filing fee had been paid from the outset.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on*

*other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 25th day of July, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE